

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 31, 1939


Mr. C. W. Talbot
County Attorney
Bastrop County
Bastrop, Texas

Dear Sir:

> Opinion No. O-511
> Re: Fees of sheriff for posting adver-
> tisements of sale.

    Your request for an opinion upon the follow-
ing question:

> "Under Article 3935 is an officer en-
> titled to $1.00 for posting each notice or
> $1.00 for all notices, regardless of number?"

has been received by this Department.

    Your letter reads in part as follows:

> "On date September 23, 1938, The Feder-
> al Land Bank of Houston, plaintiff, recovered
> judgment in Harris County, Texas, against Jim
> Anderson, et al, in the sum of $5035.97 and
> for foreclosure of land mortgage as against
> certain defendants in such suit.

> "On date November 3, 1938, said Bank
> mailed to E. D. Cartwright, Sheriff of Bas-
> trop County, Texas, an Order of Sale on lands
> located in said Bastrop County, with instruc-
> tions to levy on, advertise and sell same.
> In paragraph 3 of said instructions they
> state - "It is necessary that each of these
> defendants receive a copy of the Notice of
> Sale. Therefore, after you have filled in
> the date of levy, please mail a copy to each
> defendant at his respective address.' Here
> they set out the names and addresses of

thirty-nine defendants.

"These instructions were carried out by
said sheriff, and as customary, he included
in his fee-bill the sum of $39.00 for such
service (One Dollar for each notice posted).
Said Bank objects to said fee-bill and con-
tend that under the language of Art. 3933, R.
C. S. as amended in 1937, towit: 'Posting
the advertisements for sale under execution
or any order of sale——$1.00' and, 'Posting
any other notice required by law and not
otherwise provided for——$1.00,' means that
said sheriff is entitled to the sum of One
Dollar only for posting said notices, irre-
spective of number.

"In view of the above, I ask your opinion
on the following:

"Is an officer entitled to the sum of
$1.00 each for posting notices of sale to
defendants, or, is he entitled to the sum of
$1.00 only for posting such notices regardless
of number?"

Article 3933, Revised Civil Statutes of Texas,
provides as follows:

"Sheriffs and Constables shall receive
the following fees:

Serving each original citation in
a civil suit.................................$1.00
Summoning each witness.....................   .50
Levying and returning each writ of
attachment or sequestration...............  2.00
Copy of attachment writ and return for
recording.................................  1.00
Levying each execution....................  1.00
Return of execution.......................  1.00
Serving each writ of garnishment or
other process not otherwise provided for  1.00
Serving each writ of injunction..........  1.50
Taking and approving each bond, and re-
turning same to the proper Court when
necessary.................................  1.00
Endorsing the forfeiture of any bond re-
quired to be endorsed by him.............   .50

Executing and returning each writ
of possession or restitution........$3.00

Posting the advertisements for sale
under the execution or any order
of sale................................ 1.00

Posting other notices required by
law and not otherwise provided for.. 1.00

Executing a deed to each purchaser
of real estate under execution or
order of sale......................... 2.00

Executing a bill of sale to each pur-
chaser of personal property under an
execution or order of sale, when
demanded by purchaser................. 2.00

For each case tried in the District
or County Court, a jury fee shall be
taxed for the sheriff of.............. .50

For services in designating a home-
stead................................. 2.00

For traveling in the service of any civil process, Sheriffs and Constables shall receive seven and one-half (7½) cents for each mile going and coming; if two or more persons are mentioned in the writ, he shall charge for the distance actually and necessarily traveled in the service of same.

"Collecting money on an execution or an order of sale, when the same is made by a sale, for the first One Hundred Dollars ($100) or less, four (4) per cent; for the second One Hundred Dollars ($100), three (3) per cent; for all sums over Two Hundred Dollars ($200) and not exceeding One Thousand Dollars $1000), two (2) per cent; for all sums over One Thousand Dollars ($1000), two (2) per cent; for all sums over One Thousand Dollars ($1000) and not exceeding Five Thousand Dollars $5000), one (1) per cent; for all sums over Five Thousand Dollars ($5000), one-half of one per cent.

"When the money is collected by the Sheriff or Constable without a sale, one-half of the above rates shall be allowed him.

"For every day the Sheriff or his deputy shall attend the District or County Court, he

shall receive Four Dollars ($4) a day to be
paid by the county for each day that the
Sheriff by himself or a deputy shall attend
said court."

You will note that the following language is
used in said Article, to-wit:

"Posting the advertisements for
sale under the execution or any order
of sale.....................................$1.00"

You will further note that the terms "each",
"a" and "any" are used in other portions of the article.

You will further note that there is no provi-
sion made for the payment of a fee for "mailing notices."

The following language in the case of Bigham
vs. State, 275 SW 149, is used:

"A sheriff is entitled to such fees as
the statutes authorize, and for that reason
the fact that the fees allowed may seem large
in some instances or small in other instances
cannot enter into a decision construing the
statutes authorizing them. The Legislature
has enacted the fee bill, and has fixed a
maximum sum which a sheriff is entitled to
receive in fees, requiring that the excess be
paid into the county treasury. The Legislature
has also enacted laws regulating and limiting
the fees of officers from time to time. The
wisdom or unwisdom of these acts is a matter
for the courts to determine." (This case was
reversed on other grounds in 280 SW 1062)

Therefore, you are respectfully advised that
it is the opinion of this Department that the sheriff of
Bastrop County would be entitled to the sum of $1.00 as
his fee for posting the notices of sale described in
your letter.

It is the further opinion of this Department that the sheriff would not be entitled to any fee for mailing the notices described in your letter.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL